IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02532-WYD-BNB

UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF
LVI ENVIRONMENTAL SERVICES, INC.,

    Plaintiff,

v.

HUNT BUILDING COMPANY, LTD., a Texas Limited Partnership;
HBC CONSTRUCTION MANAGERS, LLC, a Nevada Limited Liability Company;
ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation;
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation; and
FEDERAL INSURANCE COMPANY, an Indiana Corporation,

    Defendants.

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Stay Pending Arbitration filed on November 10, 2009.  Plaintiff seeks to stay the action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in order to allow Plaintiff to arbitrate its Third and Fourth Claims for Relief against Defendant Hunt Building Company, Ltd. ("Hunt") which are based on breach of contract and quantum meruit.  I find for the reasons stated below that rather than staying these proceedings, the case will be administratively closed to enable the parties to pursue arbitration proceedings.

I first note that the Court has jurisdiction over this matter based on Plaintiff's claim under the Miller Act, 28 U.S.C. § 1331.  Second, 9 U.S.C. § 3 provides in part that if a suit is filed in federal court "upon any issue referable to arbitration under an

agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Plaintiff's motion asserts that the subcontract at issue between Defendant Hunt, a contractor, and LVI Environmental Services, Inc. ("LVI"), a subcontractor, provides that all disputes between LVI and Hunt shall be decided by arbitration. Third, I find that nothing in the Miller Act precludes the enforcement of an arbitration clause between a general contractor and subcontractor. (*See* Pl.'s Mot. to Stay Pending Arbitration at 2 and authority cited therein.) Finally, the motion asserts that counsel for Defendants consent to the relief requested. Since no response was filed by Defendants, I presume this to be true.

From the foregoing, I find that Plaintiff has demonstrated that a stay of this case would be appropriate. However, rather than staying the proceedings I believe the better course is to administratively close this action subject to being reopened for good cause shown pursuant to D.C.COLO.LCivR 41.2. Good cause for reopening the case shall include any further court proceedings the parties deem necessary after the arbitration proceedings are concluded. This provides Plaintiff with essentially the same relief requested in the motion but ensures that the case does not remain pending for months or even years on the Court's docket while the arbitration proceedings are conducted. The Tenth Circuit has construed administrative closure as the practical equivalent of a stay. *See Quinn v. CGR*, 828 F.2d 1463, 1465 and n. 2 (10th Cir. 1987).

Accordingly, it is

ORDERED that Plaintiff's Motion to Stay Pending Arbitration (doc. # 4) is **GRANTED IN PART AND DENIED IN PART**.  Rather than staying these proceedings, the case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2 to be reopened for good cause shown as referenced in this Order.

Dated:  December 8, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge